**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FIRST SOURCE EMPLOYEE MANAGEMENT, INC., | ) ) | CASE NO. 1:24-cv-02209 |
| | ) | JUDGE CHARLES E. FLEMING |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

Before the Court is Defendants United States of America and United States Internal Revenue Service's (collectively, "Defendants") motion to dismiss counts two, three, and four of Plaintiff's complaint under Federal Civil Rules 12(b)(1) and (b)(6).  (ECF Nos. 1, 13).  For the reasons stated within, Defendants' motion is **GRANTED** and counts two, three, and four of Plaintiff's complaint are **DISMISSED**.

## I.  RELEVANT BACKGROUND

Plaintiff, a professional employer organization ("PEO") under Chapter 4125 of the Ohio Revised Code and non-certified PEO and third-party payor under federal law, brought four claims against Defendants in this suit on December 19, 2024.  (ECF No. 1, PageID #8).  Each of Plaintiff's claims center on the Employee Retention Credit ("ERC") program established by the Internal Revenue Service ("IRS") under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").  (*Id.* at PageID #3).  The CARES Act created a new refundable credit program to provide financial assistance to businesses during the COVID-19 pandemic for four calendar quarters of 2020 and the first three calendar quarters of 2021.  (*Id.*).  The IRS promulgated IRS Notice 2021-20 ("Notice 2021-20") to incorporate information provided in previous guidance in the form of frequently asked questions and to address additional issues regarding the ERC.  (*Id.* at PageID #5).

1

In count one, Plaintiff seeks a refund of payroll taxes under 26 U.S.C. § 7422(a).  (*Id.* at PageID #9–10).  Plaintiff alleges that it files an aggregate Form 941 and Schedule R form with the IRS to report quarterly payroll tax liabilities for its clients who provide skilled nursing, assisted living, hospice, and other care services to patients.  (*Id.* at PageID #8).  Plaintiff further alleges that it filed a Form 941 claiming ERC refunds for quarters two, three, and four in 2020 and quarters one and two of 2021.  (*Id.* at PageID #9).  The IRS paid each of Plaintiff's ERC claims for each quarter sought in 2020.  (*Id.*).  The IRS did not pay any funds for either of Plaintiff's ERC claims for quarter one and two of 2021, which total $11,089,253.95 for the first quarter and $9,134,039.05 for the second.  (*Id.* at PageID #9–10).  Plaintiff seeks a refund of the money paid for quarter one and two of 2021, including interest.  (*Id.*).

As to counts two, three, and four, Plaintiff seeks injunctive relief and vacatur of Notice 2021-20 on the grounds that it: (1) violated the Administrative Procedure Act's ("APA") notice-and-comment rulemaking requirements under 5 U.S.C. § 553, (2) constitutes arbitrary and capricious agency action under 5 U.S.C. § 706(2)(A), and (3) constitutes unlawful agency action under 5 U.S.C. § 706(2)(A) and (C).  (ECF No. 1, PageID #10–14).

On May 5, 2025, Defendants moved to dismiss counts two, three, and four of the complaint.  (ECF No. 13).  On May 27, 2025, Defendants filed an answer to count one of the complaint.  (ECF No. 14).  On June 4, 2025, Plaintiff opposed Defendants motion to dismiss.  (ECF No. 15).  On June 18, 2025, Defendants replied in support.  (ECF No. 16).

## II.     LEGAL STANDARD

Defendants move to dismiss counts two, three, and four of Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  (ECF No. 13).  The Court must first determine whether it has subject matter jurisdiction under Rule 12(b)(1), since lack of subject matter jurisdiction renders

Defendants' Rule 12(b)(6) motion moot. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

A motion to dismiss under Rule 12(b)(1) may take the form of either a facial or factual attack. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Facial attacks challenge the sufficiency of the pleading itself. *Id*. When adjudicating a motion to dismiss based on a facial attack, the court must accept all material allegations of the complaint as true and must construe the facts in favor of the non-moving party. *Id*. (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235–37 (1974), *overruled on other grounds*). Factual attacks, by contrast, challenge the factual predicate for subject matter jurisdiction, regardless of what is or might be alleged in the pleadings. *Id*. With such a challenge, no presumption of truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. *Id*. (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). Regardless of the type of attack, the plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *See Giesse v. Sec'y of Dept. of Health & Human Servs.*, 522 F.3d 697, 702 (6th Cir. 2008); *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 1990).

Here, as Plaintiff points out, Defendants do not state whether they facially or factually attack this Court's subject matter jurisdiction. (ECF No. 15, PageID #104). In Defendants' motion to dismiss, Defendants argue that even accepting Plaintiff's allegations as true, Plaintiff has not adequately alleged standing or a waiver of sovereign immunity under the APA. (ECF No. 13, PageID #61). Defendants do not argue that the jurisdictional facts underlying standing are untrue or ask that the Court assess matters outside the pleadings. The Court will presume that Defendants assert a facial attack and therefore accept all material allegations in the complaint as true and

construe facts in favor of Plaintiff as the non-moving party. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

If the Court determines that it has subject matter jurisdiction, the Court will then evaluate Defendants' motion to dismiss under Federal Civil Rule 12(b)(6). To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The "complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Com. Money Ctr, Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). In assessing plausibility, the Court construes factual allegations in the complaint in the light most favorable to Plaintiff as the non-moving party and accepts the allegations of the complaint as true. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

### III. ANALYSIS

#### A. Standing

Federal courts have limited jurisdiction to hear cases or controversies. Article III § 2, Clause 1. In responding to a motion to dismiss challenging Article III jurisdiction based on lack of standing, the plaintiff bears the burden of proving standing. *Disalvo v. Intellicorp Records, Inc.,* No. 1:16-cv-1697, 2016 WL 5405258, *3 (N.D. Ohio Sep. 27, 2016) (citing *Key v. DSW, Inc.*, 454 F. Supp. 2d 684 (S.D. Ohio 2006)); *see also Ryan v. McDonald*, 191 F. Supp. 3d 729, 735 (N.D. Ohio 2016) (citing *Watson v. Cartee*, 817 F.3d 299, 302–03 (6th Cir. 2016)). To have Article III jurisdiction to hear a case, the plaintiff must establish three elements: 1) the

4

plaintiff has suffered an injury, 2) the injury is traceable to the defendant's actions, and 3) the court ruling for the plaintiff would likely redress that injury. *CHKRS, LLC v. City of Dublin*, 984 F.3d 483, 488 (6th Cir. 2021) (citing *Spokeo v. Robins*, 578 U.S. 330 (2016)).

Defendant moves to dismiss counts two, three, and four of Plaintiff's complaint, which seek to have the Court "[e]njoin the IRS from enforcing Notice 2021-20" and "[v]acate Notice 2021-20 pursuant to 5 U.S.C. § 706(2)."[1] (ECF No. 1, PageID #14; ECF No. 13). Defendants argue that Plaintiff lacks an actual injury and redressability, both of which are required to establish Article III standing. (ECF No. 13-1, PageID #67). In opposition, Plaintiff argues that it has adequately alleged Article III standing; it alleged an actual injury that is traceable to Defendants' conduct that would be redressed by an injunction or vacatur. (ECF No. 15, PageID #104, 110).

Plaintiff alleges that "[t]he IRS has relied on Notice 2021-20 to delay the processing of ERC claims … and that additional review (and slower processing times) are needed to properly evaluate claims" which resulted in loss of use of money paid. (ECF No. 1, PageID #7; ECF No. 15, PageID #105). In support of dismissal, Defendants argue that Plaintiff fails to allege a cognizable injury. (ECF No. 13-1, PageID #68). Defendants argue that all refunds have been paid, except for the first and second quarters of 2021, which are the subject of this action. (*Id.* at PageID #69). According to Defendants, any alleged injury, such as a delay, will be fully compensated with interest if Plaintiff prevails in the refund claim in count one. (*Id.*). Plaintiff responds that a temporary loss of money caused by the IRS's delay is an economic injury that constitutes an injury in fact for purposes of Article III standing. (ECF No. 15, PageID #105).

---

[1] Plaintiff seeks both a nationwide injunction and vacatur of Notice 2021-20. (ECF No. 15, PageID #100, 107). While the parties refer to counts two, three, and four as "injunctive relief claims," the Court analyzes Plaintiff's request for injunctive relief from applying Notice 2021-20 separately from Plaintiff's request that Notice 2021-20 be vacated or set aside. *See Kentucky v. Fed. Highway Admin.*, 728 F. Supp. 3d 501, 524 (W.D. Ky. 2024), *judgment entered*, No. 5:23-cv-162, 2024 WL 5440860 (W.D. Ky. Aug. 20, 2024), and *appeal dismissed*, No. 24-5532, 2025 WL 1568287 (6th Cir. Feb. 3, 2025) ("Unlike an injunction, which merely blocks enforcement, vacatur unwinds the challenged agency action.") (citing *Driftless Area Land Conversancy v. Valcq*, 16 F.4 508, 522 (7th Cir. 2021)).

To adequately allege injury for Article III standing, the alleged injury must be (a) concrete and particularized, and (b) actual or imminent. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1990). There are two theories of injury, "actual" present injury and "imminent" future injury, neither of which may not be conjectural nor hypothetical. *Id.* In this case, Plaintiff alleges that it has suffered a temporary loss of use of monies paid to the IRS because Notice 2021-20 has delayed IRS action. (ECF No. 1, PageID #7; ECF No. 15, PageID #105). It is true that temporary loss of use of money may constitute an injury in fact to demonstrate an injury for purposes of standing under Article III. *See Food and Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 381 (2024) ("An injury in fact can be a physical injury, a monetary injury, an injury to one's property, or an injury to one's constitutional rights."); *Habitat Educ. Ctr. V. U.S. Forest Serv.*, 607 F.3d 453, 457 (7th Cir. 2010) ("Every day that a sum of money is wrongfully withheld, its rightful owner loses the time value of the money," creating a sufficient injury for standing purposes). Though Plaintiff's alleged injury fails to establish standing for a different reason.

Plaintiff seeks injunctive relief to enjoin enforcement of Notice 2021-20 and its vacatur. (ECF No. 1, PageID #14). When a plaintiff requests prospective, injunctive relief, "[t]he injury inquiry is thus twofold … as it requires plaintiff to show both 'past injury and a real and immediate threat of future injury.'" *Mosley v. Kohl's Dep't Stores, Inc.*, 942 F.3d 752, 756 (6th Cir. 2019) (citing *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323 (11th Cir. 2013)); *see also Gaylor v. Hamilton Crossing CMBS*, 582 F. App'x 576, 579 (6th Cir. 2014) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 103–03 (1983)) ("The 'threat' of a prospective injury must be real and immediate and not premised upon the existence of past injuries alone."). Thus, to adequately demonstrate standing, Plaintiff must allege an ongoing, future injury to seek nationwide injunctive relief to enjoin the IRS from enforcing Notice 2021-20.

In this way, Plaintiff's allegations fail.  Plaintiff does not allege a sufficient likelihood of future injury to seek prospective, injunctive relief.  *Food and Drug Admin.*, 602 U.S. at 381 (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 401 (2013)).  The Sixth Circuit's opinion in *Mann v. Constr., Inc. v. United States* is informative.  86 F.4th 1159 (6th Cir. 2023).  In *Mann*, plaintiff-taxpayers sued the IRS seeking refund of a penalty and declaratory and injunctive relief regarding IRS Notice 2007-83.  *Id.* at 1161.  The plaintiff-taxpayers specifically sought to have Notice 2007-83 set aside, declared unlawful, and declared as inapplicable to the taxpayers.  *Id.* at 1161–62.  On initial appeal, the Sixth Circuit reversed and remanded the district court's decision that Notice 2007-83 violated the APA and must be set aside.  *Id.* at 1162.  Before the district court issued an opinion on remand, the IRS voluntarily refunded the penalties to the taxpayers and agreed not to apply Notice 2007-83 them.  *Id.*  Still, on remand, the district court set aside Notice-2007-83 and vacated it nationwide.  *Id.*  On a second appeal, the Sixth Circuit vacated the district court's decision that set aside and vacated Notice 2007-83 nationwide.  *Id.*  As the court explained, the remainder of the taxpayers' claims were moot after the IRS refunded the penalties at issue with interest and agreed not to impose any future penalties.  *Id.* at 1163.  At that point, the taxpayers' refund claims were satisfied and their request for prospective relief through the APA claims no longer presented a live controversy, leaving the Court with nothing to adjudicate.  *Id.*; *cf. Jarrett v. United States*, 79 F. 675, 683–84 (6th Cir. 2023) (affirming district court's dismissal of injunctive relief claims, in part, because "alternative requests for relief do not prevent mootness.").

Along with addressing mootness, the Sixth Circuit also addressed the taxpayers' arguments regarding its standing on the APA claims.  The taxpayers argued that the APA claims should not be dismissed as moot because (1) the APA claims sought independent relief against Notice 2007-83 that was more than merely just a tax refund, and (2) that the APA claims could prevent continued

enforcement of Notice 2007-83 against other taxpayers. *Id.* at 1163–64. The Sixth Circuit rejected the taxpayers' arguments. As to the first argument, the court explained that the taxpayers' APA claims were moot when Notice 2007-83 would no longer be enforced against them. *Id.* at 1164. As to the second argument, the court explained that the taxpayers lacked standing without a personal stake in litigation:

> Mann cannot overcome the voluntary mooting of a case by pointing to injuries that do not establish its standing in the first instance. No matter what the IRS chooses to do with Notice 2007-83 outside of the Sixth Circuit, there is no possibility that it would harm Mann. Another taxpayer might, indeed likely would, have a personal stake in that litigation, but not Mann.

*Id.* (citations omitted); *see also Lyons*, 461 U.S. 95, 111–12 (1983) ("Absent a sufficient likelihood that he will again be wronged in a similar way, [defendant] is no more entitled to an injunction than any other citizen of Los Angeles"); *Jarrett*, 79 F.4 at 683 (collecting cases regarding "whether a court may award prospective relief in a refund suit so long as it is ancillary to the refund claim.").

Defendants rely on *Mann* to argue that Plaintiff's "mere interest in preventing other taxpayers from having [Notice 2021-20] enforced against them does not justify a continued suit for injunction." (ECF No. 13-1, PageID #71). Defendants compare the taxpayers in *Mann* to Plaintiff to argue that Plaintiff lacks standing to seek a nationwide injunction because Plaintiff fails to allege a personal stake in the APA challenge. (*Id.*). Conversely, Plaintiff reads *Mann* broadly. In Plaintiff's view, *Mann* stands only for the proposition that a claim for injunctive relief is moot after the plaintiff receives complete relief. (ECF No. 15, PageID #107–08). Plaintiff does not address the implications that *Mann* has on standing. While the Court notes that *Mann* does address the mootness issue Plaintiff describes, *Mann* also addresses Article III standing, as Defendants posit, which is informative on whether Plaintiff has Article III standing in this case.

In *Mann*, the IRS agreed that it would not apply Notice 2007-83 to the taxpayers.  86 F.4th at 1164.  Here, the IRS *cannot* apply Notice 2021-20 to Plaintiff in the future because Plaintiff has no remaining ERC claims.  (ECF No. 1, PageID #9).[2]  This lack of prospective, future injury defeats standing.  Thus, like the taxpayers in *Mann*, Plaintiff fails to allege sufficient facts to demonstrate that it has a personal stake in the prospective application of Notice 2021-20.  Plaintiff also has not shown that there is any possibility that the IRS will apply Notice 2021-20 to harm Plaintiff in the future to establish an ongoing injury for purposes of Article III standing.  Thus, Plaintiff lacks standing to seek injunctive relief enjoining the IRS from enforcing Notice 2021-20.  The Sixth Circuit has not directly addressed whether vacatur, like injunctive relief, requires an ongoing or future injury.  Nonetheless, for the same reasons Plaintiff's claims for injunctive relief fail, Plaintiff's request for vacatur likely fails as well because Plaintiff fails to allege an ongoing or future injury.  *See Pennsylvania v. Trump*, 795 F. Supp. 3d 607, 628 (E.D. Pa 2025) (citing *Lyons*, 461 U.S. 95, 105 (1983)) ("And in any event, when plaintiffs seek forward-looking relief (such as vacatur) … it is not dispositive whether the plaintiff has been harmed already … standing … requires a showing that the plaintiff faces imminent harm in the future.").

Plaintiff also lacks standing because the redressability requirement is not satisfied.[3]  Plaintiff fails to allege facts sufficient to show that it is "'likely,' as opposed to merely 'speculative,'

---

[2] Pursuant to 26 U.S.C. § 6511(a), Plaintiff could only seek ERCs for quarter one of 2020 and quarter three of 2021 within three years from the time the return was filed or two years from the time the tax was paid, whichever is later.  Defendants raise this argument in its motion to dismiss, which Plaintiff failed to address in opposition.  (ECF No. 13-1, PageID #69) ("Plaintiff does not claim it has any other pending claims for ERCs before the IRS, and Plaintiff is now time-barred from filing any new claims" under 26 U.S.C. § 6511(a).

[3] To satisfy the second element of Article III standing, Plaintiff's alleged injury must be traceable to the defendant's actions.  *CHKRS, LLC v. City of Dublin*, 984 F.3d 483, 488 (6th Cir. 2021) (citing *Spokeo v. Robins*, 578 U.S. 330 (2016)).  In its motion, Defendants do not directly challenge the traceability requirement.  Plaintiff thus noted "the Government does not deny the allegations of a causal relationship between the IRS' enforcement of Notice 2021-20 and the resulting delays in the processing of Plaintiff's ERC claims."  In reply, Defendants deny that Plaintiff can demonstrate a causal connection and state that it is "not relevant to the standing analysis."  (ECF No. 16, PageID

that the injury will be 'redressed by a favorable decision.'" *Lujan*, 504 U.S. at 561 (citing *Simon*, 426 U.S. at 38). This requires "a substantial probability that the claimed injuries will be redressed by taking the action sought by the claimants." *Jaimes v. Toledo Metro. Hous. Auth.*, 758 F.2d 1086, 1093 (6th Cir. 1985).

Defendants argue that the injunction or vacatur that Plaintiff seeks will not address its claimed injury. (ECF No. 13-1, PageID #69). Defendants argue that Plaintiff has no future claims before the IRS, and the remaining claims are pending before this Court, so the IRS no longer has authority to issue a refund to Plaintiff.[4] (*Id.* at PageID #68). Defendants thus argue that an injunction or vacatur of Notice 2021-20 would not affect Plaintiff's claim and provide no redress because "[a]t the conclusion of this suit, Plaintiff will either receive the refund it seeks, with interest, or the Court will determine that it is not entitled to a refund." (ECF No. 16, PageID #117–18). In opposition, Plaintiff argues that injunction or vacatur would redress its injuries. (ECF No. 15, PageID #104). Plaintiff quotes Defendants' motion to dismiss, which states that "success on the last three counts of the Complaint would make it more likely that it will receive a refund[.]" (ECF No. 15, PageID #105; ECF No. 13-1, PageID #76).

The question is whether it is likely, as opposed to merely speculative, that Plaintiff's delay in receiving a refund or its loss of use of the money paid will be redressed by a favorable decision

---

#116). Not so. Traceability "looks to whether the defendant's actions have a 'causal connection' to the plaintiff's injury." *Turaani v. Wray*, 988 F.3d 313, 316 (6th Cir. 2021) (citing *Lujan*, 504 U.S. at 560). To satisfy the traceability element, the challenged action that led to Plaintiff's injury must not be caused by a third-party not before the court. *Lujan*, 504 U.S. at 55 (quoting *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 41–42 (1976). Plaintiff alleges that it submitted claims for an ERC refund for quarters one and two of 2021, neither of which Defendant IRS has issued. (ECF No. 1, PageID #9). Plaintiff also alleges that the IRS issued Notice 2021-20 which has delayed the payment sought in this case. Based on Plaintiff's allegations, the Court finds it difficult to conceive how Plaintiff failed to allege facts sufficient to satisfy the traceability element of standing.

[4] The Court disagrees. As in *Mann*, the IRS may voluntarily refund Plaintiff, regardless of whether this suit is pending before the Court. 86 F.4 at 1159 (explaining that the "IRS voluntarily refunded the penalties to the plaintiffs and agreed not to apply [Notice 2007-83] to the taxpayers in the future" after the Sixth Circuit held Notice 2007-83 violated the APA).

on its claims for injunctive relief and vacatur.  The Court does not believe it to be "likely" or "substantially probable" that Plaintiff's injury would be redressed if the IRS was enjoined from enforcing Notice 2021-20, or if it was vacated.  The statute which governs entitlement to ERCs is the CARES Act.  Regardless of Notice 2021-20, Plaintiff may or may not be entitled to a refund under the CARES Act.  However, that is a different issue to be addressed at another time.  *See Plastic Film, LLC v. United States*, Case No. 5:25-cv-30, 2026 WL 144343, at *4 (S.D. Miss. Jan. 20, 2026) (finding that "[e]ven if the Court were to vacate Notice 2021-20, the IRS would remain free to deny Plaintiff's ERC claim based on the statutory requirements of the [CARES Act].  Vacatur would not require the agency to approve Plaintiff's claim, reconsider it, or alter its interpretation of the statute.").  Plaintiff fails to allege facts sufficient to demonstrate redressability for either its claims for injunctive relief or vacatur.  Accordingly, counts two, three, and four must be dismissed under Federal Rule of Civil Procedure 12(b)(1).

**B.  APA Review Under 5 U.S.C. § 704**

Even if Plaintiff adequately alleged standing, Plaintiff's APA claims for injunctive relief and vacatur are foreclosed by 5 U.S.C. § 704.  Under § 704, "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."  As the Sixth Circuit has explained, "[t]o state a claim for relief under the APA, a plaintiff must allege that his or her injury stems from a final agency action *for which there is no other adequate remedy in court." Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 427 (6th Cir. 2016) (quoting *Bangura v. Hansen*, 434 F.3d 487, 501 (6th Cir. 2006)) (emphasis in original).  The question is "whether another statutory scheme of judicial review exists so as to preclude review under the more general provisions of the APA."  *Bangura*, 434 F.3d at 501; *see also Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988) ("Congress did not intend the general

grant of review in the APA to duplicate existing procedures for review of agency action."). To qualify as adequate "in the § 704 context, a court need only be able to provide 'relief of the same genre' to the party seeking redress, but not necessarily 'relief identical to relief under the APA.'" *Rimmer v. Holder*, 700 F.3d 246, 262 (6th Cir. 2012) (quoting *Garcia v. Vilsack*, 563 F.3d 519, 522 (D.C. Cir. 2009). Relief is considered adequate if a statute provides for de novo district court review of agency action. *Id.*

In count one of the complaint, Plaintiff seeks a refund of taxes paid to the IRS which it believes the IRS erroneously or illegally assessed or collected. (ECF No. 1, PageID #9–10). In addition, Plaintiff asserts three counts that seek injunctive relief to enjoin the IRS from enforcing Notice 2021-20 and also seek its vacatur. (*Id.* at PageID #10–14). The question is whether the alternative remedy (Plaintiff's refund claim) can provide Plaintiff with "relief of the same genre" it seeks within its APA claims (Plaintiff's injunctive relief and vacatur claims). *Rimmer*, 700 F.3d at 262.

Defendants argue that Plaintiff is barred from seeking injunctive relief or vacatur under 5 U.S.C. § 704 because it has an adequate alternate remedy to counts two, three, and four—its refund claim in count one. (ECF No. 13-1, PageID #75). Plaintiff rejects Defendants' argument and argues that it seeks different relief under its injunctive relief and vacatur claims as compared to the refund claim (i.e., monetary relief of penalty plus interest). (ECF No. 15, PageID #113). In reply, Defendants argue that the refund suit is the superior remedy where Plaintiff may advance challenges to Notice 2021-20, and the Court can award Plaintiff relief, if appropriate. (ECF No. 16, PageID #119).

The Court agrees. Defendants rely on, and Plaintiff distinguishes, several cases related to whether a refund suit is an adequate remedy for an APA challenge that seeks injunctive relief and

vacatur. *See Haines*, 814 F.3d at 417; *Gallow Cattle Co. v. U.S. Dep't of Agric.*, 159 F.3d 1194 (9th Cir. 1998); *Calen v. United* States, 2021 WL 4356041 (E.D.N.Y. Sept. 24, 2021); *Oom, Inc. v. United States*, 2023 WL 5337150, at *6 (D.N.J. Aug. 18, 2023). The Court notes that only one of those cases—*Haines*—binds this Court; *Gallow*, *Calen*, and *Oom* are merely persuasive authority. In *Haines*, the Sixth Circuit affirmed dismissal of plaintiff's claims, which included a claim for violation of the APA. 814 F.3d at 432. The court reviewed the district court's dismissal for lack of subject matter jurisdiction for failure to exhaust administrative remedies. *Id.* at 427. As the court concluded, dismissal was warranted for failure to state a claim, not subject matter jurisdiction, because an adequate alternative remedy existed for the APA claim, under the Ohio Department of Transportation statutes. *Id.* at 427–28. Because the exact relief sought could be obtained through such statutes, dismissal was warranted to avoid duplicating existing procedures for review of agency action. *Id.*

Plaintiff argues that *Haines* is inapposite to this case given that the plaintiff there sought only monetary damages against the Federal Motor Carrier Safety Administration for violations of the APA. (ECF No. 15, PageID #112). While not dispositive, *Haines* does highlight the Sixth Circuit's position that review of agency action must not duplicate other more specific statutory procedures for judicial review. 814 F.3d at 428. Viewed through that lens, Plaintiff's claims for injunctive relief and vacatur of Notice 2021-20 is duplicative of its refund claim, which is the adequate alternative remedy.

In 26 U.S.C. § 7422 there is a statutory scheme of judicial review for recovering taxes alleged to have been erroneously or illegally assessed or collected by the IRS in a refund suit. In Plaintiff's refund claim, the Court is asked to determine whether Plaintiff is entitled to a refund. Under count one, Plaintiff may challenge the validity of the IRS's position, including the legal

13

effect, if any, of Notice 2021-20, and the Court may determine whether Plaintiff is entitled to the refund sought.  *See also Maze v. Internal Revenue Serv.*, 862 F.3d 1087, 1093 (D.C. Cir. 2017) ("The plaintiffs worry that, in a refund suit, they could challenge only the amount of their tax liability, not the Transition Rules themselves.  We disagree and note the IRS's acknowledgment at oral argument that the plaintiffs may indeed challenge the Transition Rules in a refund action.").  At the end of the day, Plaintiff seeks a refund of taxes paid to the IRS.  Plaintiff believes that the IRS erroneously or illegally assessed or collected taxes for quarters one and two of 2021.  (ECF No. 1, PageID #9–10).  The way to determine whether Plaintiff is entitled to reimbursement is through the refund claim under 26 U.S.C. § 7422 asserted in count one of the complaint.

The Court is unpersuaded by Plaintiff's argument that the refund suit is not an adequate alternative remedy because it seeks different relief than its APA claims.  Plaintiff relies on *Oom* to support its position.  (ECF No. 15, PageID #113).  In *Oom*, the district court in New Jersey determined that a refund suit was not an adequate alternative remedy for claims of APA violations that seek separate relief.  2023 WL 5337150, at *4; *see also Cohen v. United States*, 650 F.3d 717 (D.C. Cir. 2011).  But there is a critical difference which sets this case apart from *Oom*—as previously stated, the IRS can no longer subject Plaintiff to Notice 2021-20.  (ECF No. 1, PageID #9).  Plaintiff does not face any future injury because the ERCs at issue in Notice 2021-20 are limited to the 2020 and 2021 tax years, and Plaintiff alleges that all ERC claims for those years have either been paid or are pending before the Court.  (*Id.*).  Importantly, Plaintiff does not cite a case in which a court held that a refund suit was not an adequate remedy for Notice 2021-20 claims under these circumstances.[5]

---

[5] To the contrary, a Mississippi district court has held that a refund claim is an alternative remedy to claims for injunctive relief or vacatur of Notice 2021.  *See Plastic Film, LLC*, Case No. 25-cv-30, 2026 WL 144343 (S.D. Miss. Jan. 20, 2026).

14

The Court notes that the Sixth Circuit's decision in *Mann* lends further support to this outcome.  *Mann* reinforces the conclusion that a refund action provides an adequate alternative remedy.  There, once the IRS refunded the challenged penalties with interest and eliminated future application of Notice 2007-82, no live controversy remained.  86 F.4th 1159, 1163 (6th Cir. 2023).  This supports the Court's determination that the tax refund process under 26 U.S.C. § 7422 provides complete relief for Plaintiff's alleged injury.  The injunction and vacatur claims are mooted by the fact that Plaintiff faces no possibility of future injury by operation of Notice 2021-20.  The refund claim provides the mechanism for adjudicating the legality/propriety of the IRS's position, Notice 2021-20, and Plaintiff's potential entitlement to monetary relief.[6]

## IV.    CONCLUSION

Accordingly, Defendants motion to dismiss is hereby **GRANTED** and counts two, three, and four are **DISMISSED** for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  In the alternative, even if the Court had subject matter jurisdiction, the same counts fail to state claims upon which relief can be granted and would be subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) for the reasons stated.  The Court will schedule a Case Management Conference in a separate docket entry.

**IT IS SO ORDERED**.

Dated: June 11, 2026

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**

---

[6] Given that Plaintiff lacks standing to assert counts two, three, and four and is precluded from APA review under 5 U.S.C. § 704, the Court need not address whether the Court has authority to grant a nationwide injunction and whether it would interfere with the sound development of the law, as Defendants argue in their motion to dismiss. (ECF No. 13-1, PageID 70–74).

15